MARGARET BOYLE, Adminstratrix., etc., Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD CO., Respondent.

*Court of Appeals, June 4, 1889.*

Affirming 39 Hun, 171.

*Appeal. Stipulation.*—An appeal to the court of appeals from a general term order granting a new trial solely upon the questions of fact, with stipulation for judgment absolute in favor of defendant in case the order should be affirmed, brings up nothing for review, and the proper practice is to affirm the order instead of dismissing the appeal.

Appeal from a judgment of the general term of the supreme court, reversing a judgment entered upon a verdict.

*Ansley & Daire*, for appellant.

*George F. Brownell*, for respondent.

EARL, J.—In this action the plaintiff recovered a verdict at the circuit. The defendant then made a motion for a new trial upon the minutes of the trial judge, under section 999 of the Code of Civil Procedure, on the ground that the verdict was contrary to the evidence. That motion was denied, and, thereafter, judgment was entered upon the verdict. The defendant then appealed to the general term, both from the judgment and the order denying the motion for a new trial, and the general term reversed both the judgment and the order and granted a new trial solely, as stated in its order, upon questions of fact. Thereafter the plaintiff appealed to this court, giving stipulation for absolute judgment in favor of the defendant, in case the order should be affirmed.

This appeal clearly brings nothing here for review, and the practice has been so long settled that instead of dismissing the appeal, for reasons stated in Jameson *v.* Brooklyn.

Skating Rink Assn. (54 N. Y. 673); Snebley *v.* Conner (78 Id. 218), and Kennicut *v.* Parmalee (109 Id. 650; 15 N. Y. State Rep. 515), the order should be affirmed.

We come to the conclusion to affirm the order instead of dismissing the appeal the more readily, as we are satisfied that there was no error of law upon the trial, and that upon the facts, as they appear in this record and undoubtedly exist, there could be no recovery upon a new trial. There was no evidence that plaintiff's horses were killed by the reckless, wanton or malicious conduct of defendant's engineer, and hence there was no basis for a recovery. Am. and Eng. Ency. of Law, Vol. 7, pp. 906, 916, 918, and cases cited.

The order should be affirmed and judgment absolute ordered against the plaintiff, with costs.

All concur, except RUGER, Ch. J., and ANDREWS, J. absent.